**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 26-1478**

_____

In re:  SHAHSULTAN JAFFER,

　　　　　Petitioner.

_____

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of North Carolina, at Raleigh.  (5:17-cv-00581-FL)

_____

Submitted:  June 23, 2026　　　　　　　　　　　　　Decided:  July 22, 2026

_____

Before THACKER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Shahsultan Jaffer, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shahsultan Jaffer petitions for a writ of mandamus seeking an order vacating certain district court orders, disqualifying the district court judge, and ordering the provision of healthcare services. She has also moved to expedite the proceedings, for an emergency order continuing certain healthcare services, and for judicial notice and an immediate ruling. We conclude that Jaffer is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [she] desires." *Murphy-Brown*, 907 F.3d at 795 (citation modified). Furthermore, mandamus may not be used as a substitute for appeal, *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007), and this court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

The relief sought by Jaffer is not available by way of mandamus. First, Jaffer impermissibly seeks to use mandamus as a substitute for appeal. Second, to the extent that Jaffer seeks a writ of mandamus directly ordering the North Carolina Department of Health and Human Services to provide her with healthcare services, this court lacks jurisdiction to grant such a writ. Third, the district judge's rulings against Jaffer, without more, are insufficient to warrant recusal, and we discern no clear and indisputable error in the district court's orders enforcing its finding that Jaffer was not a proper party to the underlying class

2

action. *See United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" (internal quotation marks omitted)); *In re Moore*, 955 F.3d 384, 388 (4th Cir. 2020) (noting that mandamus petitioner must establish "that [s]he has a clear and indisputable right to . . . relief" (internal quotation marks omitted)).

Accordingly, we deny the petition for writ of mandamus. Additionally, we deny as moot Jaffer's motions to expedite, for an emergency order continuing healthcare services, and for judicial notice and an immediate ruling. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3